IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | NO. 3:22-cr-00293 |
| | ) | JUDGE RICHARDSON |
| | ) | |
| EDWIN SANTIAGO | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Edwin Santiago's "Motion to Dismiss for Lack of Subject Matter Jurisdiction." (Doc. No. 91, "Motion"). The government filed a response in opposition. (Doc. No. 92).

Defendant argues that the court lacks subject-matter jurisdiction over this case because (1) 18 U.S. Code § 112 applies and (2) "the living-soul = Edwin Santiago Jr, denies there is a solvent 'state', 'republic', 'municipality', 'county', or solvent-party/entity anywhere that has a claim against the living-soul/private man[.]" (Doc. No. 91 at 1).

Defendant is charged in an indictment with a violation of 18 U.S.C. § 922(g)(1). (Doc. No. 3). Federal courts have subject matter jurisdiction over criminal prosecutions pursuant to federal law under 18 U.S.C. § 3231, "which grants '[t]he district courts of the United States…original jurisdiction…of all offenses against the laws of the United States." *United States v. Titterington*, 374 F.3d 453, 458-59 (6th Cir. 2004).

Defendant's arguments that the Court does not have subject-matter jurisdiction are unavailing. First, 18 U.S. Code § 112 applies only to "foreign official[s], official guest[s], or internationally protected person[s]." Though Defendant may be a "living-soul/private man," he

does not fall into any category to which § 112 applies. Furthermore, even if it did apply, § 112 does not exempt those covered from being subject to criminal charges in federal court.

Second, Defendant "den[ying]" that there is a claim against him does not strip this Court of subject-matter jurisdiction, again regardless of him being a "living soul/private man" who "is not a civil-servant nor a transmitting-utility nor a co-business-partner of a civil-servant nor a transmitting-utility." (Doc. No. 91 at 1-2). This is true even where, as Defendant claims, "[t]he alleged defendant has not violated any Treaty that one may have with the U.S." *Id.* at 2. Defendant can deny that there is a valid (criminal) claim all he wants, and yet that does not change the fact that in fact there is.

The Court thus can and must reject Defendant's position in its entirety, even without succumbing to the temptation of calling his position mere mumbo-jumbo.

Accordingly, Defendant's Motion (Doc. No. 91) is **DENIED**.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE